**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rasool Kashkool,<br><br>    Plaintiff,<br><br>vs.<br><br>John Rea; Jane Doe Rea,<br><br>    Defendants. | No. CV 09-1898-PHX-JAT<br><br>**ORDER** |

On September 23, 2009, after reviewing the complaint and the request to proceed in forma pauperis, the Court ordered as follows:

Pending before the Court is Plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915.

**A.  28 U.S.C. § § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

**B. Plaintiff's complaint**

In this case, the Court has reviewed the Complaint and it appears to be frivolous. Specifically, it sues the Honorable John Rea of the Maricopa County Superior Court for a decision he made in a case in which Plaintiff was a party. Plaintiff disagrees with that decision. In his prayer for relief, Plaintiff asks this Court to, "Fire this Judge from Superior Court" and award, "pushing damage for amount of $10,000,000." Doc. #1 at 2.

Judges are immune from suit for all actions taken in their judicial capacity, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); even if the decision was erroneous, *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Thus, Plaintiff cannot sue Judge Rea for a decision with which Plaintiff disagrees. Additionally, this Court does not have the power or authority to fire a Superior Court Judge; so, this Court cannot grant Plaintiff the relief he seeks. Finally, "pushing damage" is not a kind of damage recognized by state or federal law.

**C. Conclusion**

Because Plaintiff's Complaint appears to seek monetary damages against a defendant who is immune and fails to state a claim for injunctive relief that is within this Court's power, the Court will not grant in forma pauperis status. Plaintiff will be given leave to file an amended complaint, which the Court will then consider and determine whether in forma pauperis status is appropriate.

On October 5, 2009, Plaintiff filed an amended complaint. Plaintiff seeks to cure the above discussed deficiencies by claiming that he is not challenging Judge Rea's decision, but instead seeks to hold him accountable for his "bias[ ] and fraud and falsely [sic]." Doc. #10 at 2. Plaintiff then goes on to recount the reasons why Judge Rea's decision was incorrect.

Having reviewed the amended complaint, the Court continues to find that Plaintiff is attempting to sue a person who is immune from suit. Therefore, Plaintiff fails to state a claim and this case will be dismissed. Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. #4) is denied;

**IT IS FURTHER ORDERED** that this case is dismissed because the amended complaint fails to state a claim upon which relief can be granted; and

**IT IS FURTHER ORDERED** that the motion to dismiss (Doc. #8) is denied as moot.

DATED this 21st day of October, 2009.

James A. Teilborg
United States District Judge